E-FILED
Friday, 30 August, 2013  12:50:05 PM
Clerk, U.S. District Court, ILCD

AUG 3 0 2013

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

ANTHONY, WimBERIy                      )
                Plaintiff          )
                        )
            vs.           )
L.t. Schuller - I. A. D           )
Jeffrey B. Julius - I. A. D        )
Allen J. Afaracio - C/o            )
Michael E. Sanders - Counselor     )
Angela K. WENSor - acting Warden   )
et. al.                            )
                        )
                       ,  )
           Defendant(s)         )

Case No. 13-3310

*(The case number will be assigned by the clerk)*

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

[X]  42 U.S.C. §1983 (state, county or municipal defendants)

☐  Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐  Other federal law: _____

☐  Unknown _____

## I. FEDERAL JURISDICTION

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: *ANTHONY, WIMBERIY*

Prison Identification Number: *N-61282*

Current address: *SHAWNee · correctional · center*
*6665 St. Rt. 146 East Vienna, ILL. 62995*

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: *Lt. schuller ~ ▮▮▮▮▮, internal affairs*

Current Job Title: *Illinois Department of corrections*

Current Work Address *Big muddy river · correctional center*
*251 North Illinois Hwy 37 Ina, ILL. 62846*

Defendant #2:

Full Name: *Jefferey B. Julius · internal affairs*

Current Job Title: *Illinois Department of corrections*

Current Work Address *Big muddy river · correctional center*
*251 North Illinois Hwy 37 Ina, ILL. 62846*

Defendant #3:

Full Name: *Allen J. Aparacio · correctional officer*

Current Job Title: *Illinois Department of corrections*

2

Current Work Address _Big muddy river. correctional center_

_251 North Illinois HWY 37 Ina, ILL. 62846_

Defendant #4:

Full Name: _Micheal E. Sanders_

Current Job Title: _Illinois Department of corrections - Head counselor_

Current Work Address _Big muddy river-correctional center_

_251 North Illinois HWY 37 Ina, ILL. 62846_

Defendant #5:

Full Name: _Angela K. Winsor- Warden at the time_

Current Job Title: _Illinois Department of Corrections_

Current Work Address _Big muddy river-correctional center_

_251 North Illinois HWY 37 Ina, ILL. 62846_

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?          Yes ☐          No ☑

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☑          No ☐

C. If your answer to B is yes, how many? __1__ Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number
_Wimberly v. Stateville cc et.al, 2002_

2. Basic claim made _medical claim Fell down stairs_

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _Settled 2005 or 2006_

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ☒   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒   No ☐

If your answer is no, explain why not _____
_____

C. Is the grievance process completed?   Yes ☒   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence _Big muddy river- correctional Center_

4

Date(s) of the occurrence  _7-6-2012 Thru Present_

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

NOW Comes, ANThony, Wimberly, 8th and 14th Amendment citizen, In good standing, to enter, File, and docket this complaint under estelle v. Gamble Theory of Diliberate Indifference, the deprevations were brought against the Plaintiff by the defendants under color of law. In there offirial capacity and there individual capacity as well. ───────

On the date of 1-6-12  3-11 shift Inmate Wimberly #N-61282 was in an altercation with his at time, cellmate Bates # R-41674 and during said altercation Inmate Bates grabbed Inmate Wimberly's Fan and commenced using it as a "weapon" thus breaking it and causing Head-Face + ear and lip injuries of 25 stitches etc. And incident report + disciplinary ticket stipulates these damages and that Fan was used by Inmate Bates, causing the above stated injuries.  However, According to the Department Rule 504.80(K) orientation manual Page 20 Category "L" adjustment committee cannot make recommendations for any transfers as the committee Persons did in the case of Inmate Wimberly #N-61282. C/o Aparaclo, Allen J. and sander's michael E. who is A counselor at the Bigmuddy river-corr-ctr. In violation of Department rule 504.8(K) and in violation of Wimberly's constitutional rights under the 8th and 14th amendment to the unitedstates. After hearing date on charge of 301 8-6-12 where Inmate Wimberly

Pleaded not Guilty, due to having to defend myself. And then an extended investigation ticket 8-6-12 was written, after the time was served on the 301 charge and Wimberly was continued held in segregation until 9-6-12 and released, to find out that I Wimberly # N-61282 was still on the transfer list to be shipped. And it's all a plot to cover up the fact that the wrong charge was written up on inmate Bates # B-41674, when it should've been for a dangerous assault or attempt murder. And now Lt. Schuller-I.A.D. is telling me that charges were pending against inmate Bates # B-41674, and that's why he was transferred on 9-5-12. But how can charges be brought when I inmate Wimberly is the victim of the injuries sustained of 25 stitches, when he was hit hit about the head + face, ear, lip, vision injury etc. Lt. Schuller did not ask me if I wanted to press charges against inmate Bates, and it seems as if it's okay to commit a crime of this magnitude in the Big muddy river-corr-ctr. and not be charged. Because Lt. Schuller of internal affairs + co-worker C/O Jeffrey B. Julius Badge # 3150 had dropped the ball, when Lt. Schuller went on vacation, and left his co-worker in charge to follow up on the investigation, and he wrote up the wrong charge of a 301 on inmate Bates, when it was clear from inmate Wimberly's injuries to an outside hospital-crossroads in mt. Vernon that the charge should have been upgraded to a dangerous assault or attempt murder. the ticket clearly states the severe injuries, so how could the ball be dropped like that? and it's wrong! Defendants: Lt. Schuller-I.A.D. Jeffrey B. Julius I.A.D. For not writing up the correct charge, and covering up a crime. C/O Allen J. Martirio, and michael E. Sanders-counselor-For recommending transfer, in violation of D.R. 504.80(K) and Angela K. Winsor-warden at that time, For signing off on a known crime + cover up if she would have

6

Just look thoroughly Into seeing that something wasn't adding up, and it was something seriously wrong going on.

However, each listed defendant is held accountable For the cover up and actions committed against Plaintiff - Anthony, Wimberly #N-61282 Whether it's seperately or is concert to give the Plaintiff the relief he so deserves For damages caused.

(1) Corrective surgery to repair Plaintiff back to the original appearance he once had- Plastic surgery to remove scar over right side of Face between eye brow (2) Corrective Surgery to upper lip left side to remove scar. (3) Corrective surgery to left ear- to remove scar, etc. And Whatever Further relief the court deems Justified.

Plaintiff is a 14th 8th amendment citizen is good standing before this court. Note: the record will develop as this litigation proceed and will discover the actual defendants during discovery commencement

RELIEF REQUESTED

(State what relief you want from the court.)

"IN-Conclusion" Additional claim etc.

Date(s) of the occurrence ___8th and 14th Amendment Claim___

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

THERE is an 8th and 14th Amendment claim as to the Injuries Plaintiff strickly sustained, if I.A.D. Lt. Schuller, Jeffrey B. Julius - I.A.D. Done the Proper Investigation into this matter thoroughly, the right charges would have been brought. (2) and due to the injuries sustained, Plaintiff is now experiencing Pain in his left ear and disfigurement in the earlobe or bone structure, as it appears broken. And a constant ringing & shooting Pain, Piercing, throbbing Pain. (3) And from being hit in the face with the fan, into the eye area, Plaintiff is having blurred vision now. And the doctors only subscribe "Aspirin". And to transfer Plaintiff out of the Facility, is so much of a cover up, when it's apparent that severe damage was caused, and I.A.D. didn't do their Job duty in Prosecuting the individual who caused Plaintiffs injuries. In conclusion on 7-12-13 The eye doctor noted that due to impact from fan - damaged the muscle in the right eye, Permanant damage to vision.

8

$1,000,000.00 In Compensatory Damages against each defendant, and or $100,000, , In concert For all defendants.

$1,000,000.00 In Punitive Damages against each defendant and reasonable attorney's fees and cost. Such other relief as to the Court appears reasonable and Just.

JURY DEMAND          Yes ☒          No ☐

Signed this ___23___ day of __August__ , 20_13_ .

_Andy Wimberg_
( Signature of Plaintiff)

by _____ Agent

| Name of Plaintiff:<br><br>ANTHONY WIMBERY | Inmate Identification Number:<br><br>N-61282 |
|---|---|
| Address: SHAWNee-Correctional center<br>6665 St. Rt. 146 East<br>VPeNNa, ILL. 62995 | Telephone Number: UNKNOWN |

9

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** WIMBERLY, ANTHONY | **IDOC Number:** N61282 | **Race:** BLK |
| **Hearing Date/Time:** 8/6/2012  09:40 AM | **Living Unit:** BMR-S1-01-23 | **Orientation Status:** N/A |
| **Incident Number:** 201201463/1 - BMR | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 7/6/2012 | 201201463/1-BMR | JULIUS, JEFFREY B | R2 HOUSING UNIT, D WING | 03:45 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 301 | Fighting | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
Not Guilty - Had to defend myself.

## BASIS FOR DECISION
Based on IDR by R/O J. Julius(IA). R/O reports I/M Bates R41674 and Wimberly N61282 were placed on Investigative Status for a possible physical altercation in R2 Cell D-62. Both inmates were interviewed. HCU injury reports and incident reports were also reviewed. This investigation has determined that after receiving mail Bates threw Wimberly's mail on Wimberely's bed while Wimberly was sleeping. This started a verbal argument that led to both inmates striking each other multiple times with closed fists. At some point during the fight Bates grabbed Wimberly's fan and began striking Wimberly in the face with the fan. This caused injuries to Wimberly's face that required treatment at Crossroads Hospital. Wimberly's injuries required 25 stitches. Bates' injuries consisted of an abrasion on his right eye and nose, and a small cut on his left arm. Positive ID by State ID Card  END OF REPORT

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| Transfer (Keep Separate From) | Transfer (Keep Separate From) |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |
| 1 Months Gym/Yard Restriction | 1 Months Gym/Yard Restriction |

**Basis for Discipline:** Nature of Offense

## Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| SANDERS, MICHAEL E  - Chair Person | | 08/06/12 | WHI |
| APARICIO, ALLEN J | | 08/06/12 | HSP |

Recommended Action Approved

---

**Final Comments:** N/A

*Need back-LT. Underwood*
*Quigley*

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** WIMBERLY, ANTHONY      **IDOC Number:** N61282      **Race:** BLK

**Hearing Date/Time:** 8/6/2012   09:40 AM      **Living Unit:** BMR-S1-01-23      **Orientation Status:** N/A

**Incident Number:** 201201463/1 - BMR      **Status:** Final

ANGELA K WINSOR / AKW  8/9/2012                        08/09/12
_____          _____     _____
**Chief Administrative Officer**              **Signature**              **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_____           8/8/12   2:00p
**Employee Serving Copy to Committed Person**          **When Served -- Date and Time**

STATE OF ILLINOIS )

                              ) SS

COUNTY OF JOHNSON )

## A F F I D A V I T

I, __ANTHONY WIMBERLY__, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

State that on 9-13-12 Filed A Grievance in coPliance With Institutional rules - Department rule 504.F and Followed all Procedures in exausting all administrative remed ies against listed Defendents, and Forwarded to the Administrative - Review beard sPringField with no results Ending my exaustion on @ 5-22-13.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

SIGNED ON THIS 23 DAY OF August ,2013

_Anthony Wimberly_
A F F I A N T

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

*SEG*

Date: 8/7/2012

| Type of Report: | |
|---|---|
| ☐ Disciplinary | ☒ Investigative |

Big Muddy River Correctional Center
Facility

Offender Name:  Wimberly, Anthony                                  ID #:  N61282

---

**Offense Information:**

Observation Date: 8/6/2012          Approximate Time:  8:30   ☒ a.m.   Location:   Intel Office
                                                                    ☐ p.m.

**Offense(s): DR 504:**   · Investigative Status

**Observations:** (NOTE: Each offense identified above must be substantiated.)  On the above date and approximate time Inmate Wimberly N61282 was placed on Investigative Status.  Positive ID by State ID card.

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| C/O J. Brent Julius | 3150 | | 8/7/2012 | 8:47 | ☒ a.m. |
|---|---|---|---|---|---|
| **Reporting Employee (Print Name)** | **Badge #** | **Signature** | **Date** | **Time** | ☐ p.m. |

---

### Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement     ☒ Investigative Status     Reasons:

**Printed Name and Badge #**   RWStyr 788          **Shift Supervisor's Signature**          8-7-12   **Date**
                                          (For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer     Comment:

☐ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

**Print Reviewing Officer's Name and Badge #**          **Reviewing Officer's Signature**          **Date**

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only)

**Print Hearing Investigator's Name and Badge #**          **Hearing Investigator's Signature**          **Date**

---

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign     Offender's Signature ___   ID# ___

Finney K          **Badge #** 3695          **Signature**
**Serving Employee (Print Name)**

8-7-12     2:00   ☐ a.m.
**Date Served**     **Time Served**   ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature ___   ID# ___

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report ___   Print offender's name ___   ID# ___

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: ___

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: ___

Page 1 of **1**

Distribution:   Master File
                Offender
                Facility (2)

*Printed on Recycled Paper*

DOC 0317 (Rev. 2/2007)

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

Big Muddy River Correctional Center
Facility

*JEG.*

Date: 8/3/2012

| Type of Report: |  |
|---|---|
| ☒ Disciplinary | ☐ Investigative |

Offender Name:  Wimberly, Anthony                          ID #:  N61282

**Offense Information:**

Observation Date:   7/6/2012          Approximate Time:   3:45   ☐ a.m. ☒ p.m.   Location:   R2 D-62

**Offense(s):  DR 504:**   301 Fighting

**Observation:**   (NOTE: Each offense identified must be substantiated.)  On the above date and approximate time Bates R41674 and Wimberly N61282 were placed on Investigative Status for a possible physical altercation in R2 Cell D-62. Both inmates were interviewed. HCU injury reports and incident reports were also reviewed. This investigation has determined that after receving mail Bates threw Wimberly's mail on Wimberly's bed while Wimberly was sleeping. This started a  verbal argument that led to both inmates striking each other multiple times with closed fists. At some point during the fight Bates grabbed Wimberly's fan and began striking Wimberly in the face with the fan. This caused injuries to Wimberly's face that required treatment at Crossroads Hospital.  Wimberly's injuries required 25 stitches.  Bates' injuries consisted of an abrasion on his right eye and nose, and a small cut on his left arm.  Positive ID by State ID Card  END OF REPORT

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses

| C/O J. Brent Julius | 3150 |  | 8/3/2012 | 8:39 | ☒ a.m. |
|---|---|---|---|---|---|
| **Reporting Employee (Print Name)** | **Badge #** | **Signature** | **Date** | **Time** | ☐ p.m. |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement    ☐ Investigative Status    Reasons:

LT. R. Cherim            Shift Supervisor's Signature  ASC        8.3.12
**Printed Name and Badge #**     **Shift Supervisor's Signature**          **Date**
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer      Comment:

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ **Minor Infraction,** submitted to Program Unit

LT. G. Davis #11673  ASC            ASC        8/3/12
**Print Reviewing Officer's Name and Badge #**     **Reviewing Officer's Signature**        **Date**

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

**Print Hearing Investigator's Name and Badge #**     **Hearing Investigator's Signature**        **Date**

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing.  You may ask that witnesses be questioned along lines you suggest.  You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee.  You may have staff assistance if you are unable to prepare a defense.  You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

_____
**Offender's Signature**                    **ID#**

Childs                    3601                    Childs
**Serving Employee (Print Name)**     **Badge #**          **Signature**

8-4-12                    7:12    ☐ a.m. ☐ p.m.
**Date Served**          **Time Served**

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____
**Offender's Signature**                    **ID#**

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____          _____          _____
**Date of Disciplinary Report**     **Print offender's name**          **ID#**

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| Witness can testify to: | | | |
| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
| Witness can testify to: | | | |

Page 1 of __1__

*Printed on Recycled Paper*

Distribution:  Master File
Offender
Facility (2)

DOC 0317 (Rev. 2/2007)

*Sent to A.R.B.*
*Brian, Fairchild*
*Shawnee-corr-ctr, mailroom 9-24-12*

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: 9-12-12 | Offender: (Please Print) ANTHONY, Wimberly | ID#: N-61282 |
|---|---|---|

| Present Facility: Shawnee-corr-ctr. | Facility where grievance issue occurred: Big-muddy-river-corr-ctr. |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☑ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☑ Other (specify): *Fan needs to be replaced*

☐ Disciplinary Report: ____/____/____
         Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     **Chief Administrative Officer,** only if EMERGENCY grievance.
     **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** This Grievance is being written under Department rule 504F. That on the 9-6-12 inmate Wimberly spoke with Lt. Schuller of internal affairs, B.M.R.C.C. about his "Fan" that was broken during an incident that occurred on 7-6-12 by inmate Bates # R-41674, and was told to file a grievance concerning the replacement of the Fan, a "cool-operator I.R." By Lt. Schuller. I.A.D. and inmate Wimberly had done just that on 9-6-12. But on 9-11-12 inmate Wimberly, spoke with counselor michael E. Sanders, and was told that due to Lt. sculler & his partner of internal affairs Jeffrey B. Julius. Badge # 3150. not writing the ticket up with the "Fan being damaged" cause it was used as a weapon, [Turn over →]

**Relief Requested:** Would like Fan replaced with similar Fan that was used as a weapon and broken, or the alternitive A new Fan

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

*Anthony Wimberly*      N-61282      9 , 12 , 12
Offender's Signature          ID#          Date

**(Continue on reverse side if necessary)**

---

| | **Counselor's Response** (if applicable) | |
|---|---|---|

Date Received: 9 , 20 , 12    ☐ Send directly to Grievance Officer    ☑ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____
_____
_____
_____
_____

D. Lynn      D.L.      9 , 20 , 12
Print Counselor's Name      Counselor's Signature      Date of Response

---

| | **EMERGENCY REVIEW** | |
|---|---|---|

Date Received: ____/____/____    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
     ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____      ____/____/____
Chief Administrative Officer's Signature      Date

Distribution: Master File; Offender          Page 1          DOC 0046 (Rev. 3/2005)

*Printed on Recycled Paper*

**OFFENDER'S GRIEVANCE** (Continued)

by Inmate Bates# R-41674 when he hit Inmate Wimberly with it in the Face area, thus causing multiple injuries of 25 stitches at the Mt. Vernon Crossroads Hospital. However, because I.A.D. didn't write up the Fan was used as a weapon & damaged, it eliminates the procedure of ever-being replaced. But it shouldn't be held against Inmate Wimberly that his Fan can't be replaced, due to I.A.D. has dropped the ball twice in this situation concerning Inmate Bates# R-41674. When it was crystal clear from the ticket wrote on 8-3-12 that the Fan was used as a weapon. And it shouldn't be Inmate Wimberly's Fault that internal affairs Lt. Schuller and Jeffrey B. Julius Badge# 3150 didn't do their Job right, and it's as if Committing a crime as such, and using someone else's Personal Property as a weapon in Big muddy river corr. ctr. is okay, and noone has to pay for the was damaged Property because I.A.D. will Forget how to do their Job at any given time.

C.C.

OFFENDER'S GRIEVANCE

| Date: 9-13-12 | Offender: (Please Print) AnThony, Wimberly | | ID#: N-61282 |
|---|---|---|---|
| Present Facility: SHawnee-corr-ctr. | Facility where grievance issue occurred: | | Bigmuddy·river·corr·ctr. |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): _Inmate assault&battery_

- [ ] Disciplinary Report: _____ / _____
  Date of Report   Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: _Continued From Previous Page. According to the Department rule 504.80(K) orientation manual Page 20 Category "c" adjustment committee cannot make recommendations For any transfers as the committee Persons did In the case of Inmate — Wimberly #N-61282 -% Aparicio, Allen J. and sanders, Michael E. who I's a counselor at the Bigmuddy river-corr-ctr. In violation of Department rule 504.80(K) and In violation of Inmate Wimberly's constitutional rights under the 8th and 14th amendment to the united states. After hearing date on charge of 301 8-6-12 where Inmate Wimberly Pleaded not Guilty, due to having had to defend myself. Turn over From here →_

Relief Requested: _Pain + suffering + charges brought to the Fullest extent of the law, For the charge that Qualifies For the Injuries sustained, and time added consecutive to original charge + 2 to 5 yrs, A one yr. seg time_

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _AnThony Wimberly_ | _N-61282_ | _9 / 13 / 12_ |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 9 / 13 / 12

- [ ] Send directly to Grievance Officer
- [x] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

| _D. Lynn_ | _D. G_ | _9 / 13 / 12_ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    _____ / _____ / _____
Chief Administrative Officer's Signature    Date

And then an extended investigation ticket was written, after the time was serued on the 301 charge & wimberly was continued held in segregation unti'l 9-6-12 and released, to find out that I wimberly #N-61282 was still on the transfer list to be shipped. And i't's all a plot to cover up the fact that the wrong charge was written up on inmate Bates #R41674, when it should've been for a dangerous assault or attempt murder. And now Lt. schuller i's telling me inmate wimberly, that charges were pending against inmate Bates# R41674, and that's why he was transferred on 9-5-12. But how can charges be brought when I inmate wimberly i's the victim of the injuries sustained of "25 stitches, when he was hit about the head & face, ear, li'p, in'slde injury etc. Lt. schuller did not ask me if I wanted to press charges against inmate Bates, and it seems as if it's okay to commit a crime of this magnitude in the — Big muddy river-corr-ctr. and not be charged. Because Lt. schuller of external affairs & hi's co-work c/o Jeffrey B. Julius Badge# 3150 had dropped the Ball, when Lt. schuller went on vacatlon, and left his co-worker in charge to follow up on the investigation, and he wrote up the wrong charge of a 301 on inmate Bates, when it was clear from inmate wimberly's injuries to an outside hospital-crossroads in mt.uernon that the charge should have been upgraded to a dangerous assault or attempt murder. the ticket clearly states the severe injuries, so how could the Ball be dropped like that? and now inmate wimberly i's being shipped further south - to "shawnee-corr-ctr." to far for my — family to visit, and would like to be transfered to "east moline-corr-ctr." or ~~Decatur~~ Jacksonville-corr-ctr. Because i'm now being prevented from pressing charges against inmate Bates, by them now transferring me from Big muddy-river-corr-ctr. and it's wrong!
Defendants: Lt. schuller-I.A.D. Jeffrey B. Julius I.A.D. for not writing the correct charge, and covering up a crime. c/o Allen J. Aparicio, and micheal E. sander's-counselor- for recommending transfer, in violation of D.R. 504.80(K) and Angela K. winsor-warden, for signing off on a known - crime + cover up if she would have just look thoroughly into seeing that it was wrong, and transfering inmate wimberly as well.

C.C.

DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

Big Muddy River Correctional Center
Facility

Date: 7/6/2012

| Type of Report: | |
|---|---|
| ☐ Disciplinary | ☒ Investigative |

Offender Name: Wimberly, Anthony

ID #: N61282

**Offense Information:**

Observation Date: 7/6/2012   Approximate Time: 3:45   ☐ a.m. ☒ p.m.   Location: R2D62

Offense(s): **DR 504:** Investigative Status

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time, I/M Wimberly was placed on Investigative Status for his involvement in a physical altercation with his cellmate, I/M Bates in R2D62. I/M Wimberly N61282 identified by photo identification and OTS demographics.

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Lt H. Schuler | 11229 | _signature_ | 7/6/2012 | 4:30 | ☐ a.m. ☒ p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

Shift Review: ☐ Temporary Confinement   ☒ Investigative Status   Reasons: _INVESTIGATION_

Main Vante 516
Printed Name and Badge #

_signature_
Shift Supervisor's Signature
(For Transition Centers, Chief Administrative Officer)

7-6-12
Date

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment:

☐ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

Print Reviewing Officer's Name and Badge #          Reviewing Officer's Signature          Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge #          Hearing Investigator's Signature          Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

_____ Offender's Signature          ID#

SERLES          11863          _signature_
Serving Employee (Print Name)          Badge #          Signature

4-7-12          APX 715          ☐ a.m. ☐ p.m.
Date Served          Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____ Offender's Signature          ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report          Print offender's name          ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

Distribution: Master File
Offender
Facility (2)

Printed on Recycled Paper

DOC 0317 (Rev. 2/2007)



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**S.A. GODINEZ**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

May 9, 2013

Anthony Wimberly
Register No.  N61282
Shawnee Correctional Center

Dear Mr. Wimberly:

This is in response to your grievance received on September 27, 2012, regarding Discipline Process (Proceedings for IDR 7/6/12) and Personal Property (Damaged 7/6/12), which were alleged to have occurred at Big Muddy River Correctional Center.  This office has determined the issues will be addressed without a formal hearing.

This office has reviewed Offender Wimberly's combined grievances regarding alleged misconduct for the proceedings/actions surrounding a disciplinary report dated July 6, 2012 involving Offender Bates R41674 and for property damaged. This office notes that Wimberly is not grieving the IDR itself.

Offender Wimberly would like to press charges against Offender Bates for Bates' actions against Wimberly on July 6, 2012. This is not a grievable issue. Offender Wimberly grieves the charges I/A staff placed on Offender Bates' disciplinary report. This is a non-grievable issue. Offender Wimberly believes the Adjustment Committee cannot impose a disciplinary transfer. DR 504.80 states in part, "The Committee may recommend one or more of the following disciplinary actions:…Change the offender's housing assignment or transfer the individual to another correctional facility". Therefore, this claim by Wimberly has no merit. Offender Wimberly also grieves the actual transfer to Shawnee (9/12/12). Due to disciplinary reasons, a transfer was initiated by Big Muddy River and on September 12, 2012, Wimberly was subsequently transferred. As transfers are administrative decisions, this portion of the grievance is denied. Furthermore, Wimberly grieves damaged property. As this portion of the grievance relates to property, DR 504 requires that a Grievance Officer's and CAO's response be provided with the offender's grievance. As one was not provided by Wimberly, this office cannot address this claim.

Based on a total review of all available information, and in accordance with DR504.850, it is the opinion of this office that the grievance be denied.

FOR THE BOARD:  _Sherry Benton_

Sherry Benton
Administrative Review Board
Office of Inmate Issues

CONCURRED: _S.A. G_

S.A. Godinez
Director        5/22/13

cc:   Warden, Shawnee Correctional Center
      Anthony Wimberly, Register No. N61282

IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT
OF ILLINOIS SPRINGFIELD

ANOTHY Wimberly
            PLAINTIFF                    )
                                         )
            V.                           )
                                         )
                                         )
                                         )
LT. SCHuller, I.A.D.,                    )        CASE NO._____
Jeffrey B. Julius I.A.D.                 )
ALLEN J. APARACIO C/O OFFICER            )
Michael E. Sanders - Counselor           )
ANGela K. Winsor - Warden                )

Proof of Service / Certificate

To: Clerk of unitedstates      To: Allen J. AParacio C/O    To: warden
    District court 151 U.S. courthse   Big muddy river-corr-ctr.      Angela K. Winsor
    600 East manroe st.            251 N. Illinois Hwy.37      Big muddy river-corr-ctr.
    SPringfield ILL 62701          INa ILL. 62846              251 N. Illinois Hwy 37
                                                               INa ILL. 62846

To: Jeffrey B. Julius I.A.D.    To: counselor               To: LT. schuler-I.A.D.
    Big muddy river-corr-ctr.       Michael E. Sanders-         Big muddy river-corr-ctr.
    251 N. Illinois Hwy.37          Big muddy river-corr-ctr.   251 N. Illinois Hwy 3
    INa ILL. 62846                  251 N. Illinois Hwy.37      INa ILL. 62846
                                    INa Illinois 62846

Please Take Notice That on 8-23- 2013   I Placed the attached
OR enclosed documents in the institutional mail
at Shawnee Correctional center. Property addressed To The Parties listed
above For mailing Through The United State Postal Service

Date: 8-23- , 2013              /s/ Anth Wimberly
                                Name: AnTHony Wimberly
                                IDOC # N-61282
                                Address: Shawnee C.C.
                                         6665 State Route 146 E.
                                         Vienna IL 62995

Subscribed and Sworn To before me This    23   day of August, 2013

Theresa Casteel
Notary Public

```
OFFICIAL SEAL
THERESA CASTEEL
Notary Public - State of Illinois
My Commission Expires Apr 22, 2014
```

neopost
08/26/2013
US POSTAGE $005.32⁰
PRIORITY Mail
FlatRate/Pkce
ZIP 62305
041L72203041

Mr. Thouy Kimberly
#N-61283
SHAWNEE Corr-Ctr.
66 65 State Rte. 146 East
Vienna, ILL. 62995

C/O Clerk of United States
District Court 151 U.S. Court Hse
Court house —
600 East monroe Street
SPRing Field, Illinois 62701